# West Mahanoy Township's Contested Election.

*Elections—Contests—Opening of ballot boxes—Fraud—Coercion —Illegal election.*

1. A petition for the opening of a ballot box should be refused where the petitioners fail to show fraud, irregularity, illegal voting, or illegal counting of votes.

2. An election is not to be held void for mere irregularities in the conduct of the election, even though the election officers may be subject to punishment for misconduct; the rights of voters are not to be prejudiced by the errors or wrongful acts of election officers.

3. Where a fair election and honest count were prevented so that no election was legally held in an election precinct, the returns from it may be thrown out.

4. The mere casting of fraudulent votes is not sufficient ground for throwing out returns from an election district, the remedy in such case being to eliminate by striking out fraudulent votes if possible.

5. At the hearing of an election contest it appeared that in a certain precinct the ballots, tally and return sheets and supplies were generally tampered with; that the records were illegally kept; that voters were threatened before the election and on election day, were prevented from voting, were intimidated, were coerced by physical violence, were not allowed to vote as they wished, and that personal attacks under the direction of election officers, were made on voters, overseers and watchers while in the performance of their duties. *Held,* the court did not err in throwing out all the votes polled in such precinct.

Argued Feb. 27, 1917. Appeals, No. 260 and 261, January T., 1916, by Thomas McCoy and Frank J. Donahue, from order of Q. S. Schuylkill Co., decreeing null and void an election for school directors in Lost Creek precinct, In re Petition of Citizens of the Township of West Mahanoy, County of Schuylkill, to contest the election of Thomas McCoy to the office of School Director in said Township; and In Re Petition of Citizens of the Township of West Mahanoy, County of Schuylkill, to contest the election of Frank J. Donahue to the office of School Director in said Township. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for an election contest. Before BRUMM, J.

The opinion of the Supreme Court states the facts.

The court decreed that the election in Lost Creek precinct was null and void; threw out the returns from such precinct, and found that John D. Edmunds and John Cosgrove were properly elected school directors in the West Mahanoy Township School District. Thomas McCoy and Frank J. Donahue appealed.

*Errors assigned* were in dismissing various exceptions of fact and law and the order of the court.

*C. E. Berger,* with him *M. M. Burke* and *P. H. Burke,* for appellants.

*M. J. Ryan,* for appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, May 14, 1917:

At an election held November 2, 1915, two school directors were to be elected in the West Mahanoy Township School District, Schuylkill County. There are four election precincts in the township—Lost Creek, William Penn, Brownsville and Raven Run. Thomas McCoy and Frank J. Donahue, the appellants, were candidates for school directors on the Democratic ticket, and John D. Edmunds and John Cosgrove, the appellees, were candidates for the same office on the Republican ticket. McCoy and Donahue were returned as elected, but, within the period fixed by the statute for contesting an election, qualified electors of West Mahanoy Township instituted a proceeding to contest the election of the appellants, on the ground of fraud and gross irregularities in connection with the election in the Lost Creek precinct. This proceeding was discontinued shortly afterwards by counsel for the petitioners. Subsequently, on the petition of the electors of the township, the discontinuance was stricken off by the court, and the petition for the contest was reinstated. After a full hearing and the taking of a mass of testimony, the court decreed that the election in the Lost Creek precinct was null and void, and its entire returns were thrown out. With the returns from that precinct not counted, those from the other three showed Edmunds and Cosgrove to be elected. From the decree so holding, McCoy and Donahue have appealed.

The action of the court below in striking off the discontinuance of the proceeding instituted to contest the election of the appellants, and in reinstating the petition

of the contestants after the expiration of the statutory period within which a contest must be instituted, has not been assigned as error, and we do not, therefore, pass upon the authority of the court to reinstate the proceeding.

This appeal brings up a most voluminous record, and there are ninety-two assignments of error, but the sole question for determination is whether the court erred in throwing out the returns from Lost Creek. Before passing upon this question it is proper that we say no error was committed in refusing to open the ballot box from the William Penn precinct upon the petition of the respondents. They failed to show fraud, irregularity, illegal voting or counting of votes in that precinct, which called for the opening of the box, and the ninetieth assignment of error is overruled.

For mere irregularities in conducting an election it is not to be held void, even though the election officers may be subject to punishment for misconduct. This is so because the rights of voters are not to be prejudiced by the errors or wrongful acts of the officers of the election, unless it appears that a fair election and honest count were prevented: Krickbaum's Contested Election, 221 Pa. 521. Nor is the mere casting of fraudulent votes sufficient to throw out the return from an election district. "The remedy in such case is to purge the polls by striking out the fraudulent votes, if possible": Melvin's Case, 68 Pa. 333. But where no election is legally held in an election precinct, the returns from it may be thrown out.

In the case now under consideration the conditions that existed at the election at Lost Creek were as disgraceful as they are inconceivable, and are thus properly summarized by the learned court below, after a review of the testimony and the facts to be found from it: "The ballots, tally, return sheets, and supplies generally, were tampered with; records were irregularly and illegally kept; voters were threatened before the election and on election day; were prevented from voting; were intimi-

dated; coerced and not allowed to vote as they wished; blackjacks and pistols were used, and personal attacks made on legal voters, overseers and watchers while in the performance of their duty. All of this was done by, or under the direction of the election officers, aided by their 'buffer' and his assistant." It clearly appeared from the testimony that these ruffians intimidated the overseers, and for this reason the court below was expressly authorized to throw out "all votes polled in the precinct": Act of January 30, 1874, P. L. 31, Section 4.

Each appeal is dismissed on the following correct conclusions reached by the court below: "The whole election was illegally and fraudulently conducted. The number of voters prevented from voting by intimidation, threats and violence, and the number of voters coerced by interference in the booths could not be known, and the correctness or legality of the vote cast and returned could not be ascertained. There was practically no election or opportunity for the voters at this poll to express and have recorded their wish or choice by their ballot, and there is no possible way to ascertain the correct, or approximately correct, result out of this seething mass of corruption, blackguardism and brute force."

Appeals dismissed at costs of appellants.