# Warren Borough Election.

*Election law—Contest—Insufficient petition—Mere belief—Due diligence—Practice, Q. S.*

1. A complaint of an undue election or false return in a petition for a contest must be stated with clearness and precision, and the petitioners held to the exercise of due diligence to ascertain and specify the facts which, if sustained by proof, would require the court to set aside the result of the election.

2. A petition for a contest will be dismissed where it is based on a mere belief, not on ability or expectation to prove, does not charge fraud, and makes no attempt to state definitely the number of ballots involved as improperly marked.

Argued May 8, 1922. Appeal, No. 394, Jan. T., 1922, by W. A. Walker et al., from order of Q. S. Warren Co., Dec. T., 1921, No. 28, dismissing petition for contest in the matter of the election for tax collector of Warren Borough (W. A. Walker et al. v. Ralph W. Cousins). Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for election contest. Before BOUTON, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. W. A. Walker et al., petitioners, appealed.

*Error assigned*, inter alia, was order, quoting it.

*C. E. Bordwell*, with him *A. G. Eldred*, for appellants.

*R. W. Stone, J. H. Alexander* and *W. S. Clark*, for appellee, were not heard.

PER CURIAM, May 25, 1922:

This is an appeal from an order dismissing a petition to permit a contest of an election held November 8, 1921, for the office of tax collector in a borough of Warren

County.   In its order, the court below states: "We are of opinion that the petition in this case in entirely insufficient to warrant the......court in proceeding further with the investigation"; after carefully considering the averments of the petition in question, we agree with this conclusion.   While a court should not be captious in viewing petitions of the character of the one here involved, yet a complaint of an undue election or a false return must be stated with clearness and precision, and the petitioners held to the exercise of due diligence to ascertain and specify the facts which, if sustained by proof, would require the court to set aside the result of the election.   It was well said by Judge ALLISON in Weaver v. Given, 6 Phila. 65, that "The court will not grope in the dark, or follow a contestant on a fishing expedition, in the hope of being able to find enough to enable him by the investigation to make out his case." Here, the particular averments fail to carry conviction that, if proved, the result of the election would be changed; and petitioners state only a belief that, if the matters complained of had not occurred, their candidate would have been elected instead of her opponent,—not their ability or expectation to so prove.   Moreover, fraud is not alleged, or that the presence of others than the election board at the count caused any error in the result.   There is no attempt to state definitely the number of ballots involved as improperly marked, or to aver facts from which it might be fairly inferred that ballots similarly marked were not rejected as to all candidates, or that, if so rejected, what the net result would be.   It is not necessary, under the circumstances, to decide whether the ballots complained of were correctly marked.

The assignments of error are overruled and the order is affirmed.