## Ayre's Contested Election.

*Election law—Contested election—Irregularities—Allegations of petition—Amendments—Discretion of court—Act of May 19, 1874, P. L. 208.*

1. An election is not to be held void for mere irregularities in the conduct of the election, even though the election officers may be subject to punishment for misconduct.

2. To warrant throwing out the vote of an entire district, the disregard of the law must be so fundamental as to render it impossible to separate the lawful from the unlawful votes.

3. In an election contest, the court will not require the respondent to answer vague and indefinite allegations, not affecting the result, to the effect that the minority inspector and a supervisor were prevented from the full performance of their duties, and that five or more electors were prevented from voting.

4. The allowance of an amendment to the petition in an election contest is a matter for the discretion of the trial court.

Argued May 26, 1926. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 17, Jan. T., 1927, by Michael Ritzick, Jr., et al., from order of Q. S. Luzerne Co., Nov. T., 1925, No. 321, dismissing petition in Election Contest of Thomas Ayre to the Office of Burgess of Miners Mills Borough. Affirmed.

Petition for contested election. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Michael Ritzick et al., contestants, appealed.

*Error assigned* was, inter alia, order, quoting it.

*R. B. Alexander,* with him *John S. Fine,* for appellants.—The court erred in adjudging certain averments of the contest petition to be vague and indefinite: Cole's Election, 223 Pa. 271; Krickbaum's Contested Election, 221 Pa. 521; Fish's Election, 273 Pa. 410; West Mahanoy Twp. Contested Election, 258 Pa. 176.

The court erred and abused its discretion in refusing to permit the contest petition to be amended: Snodgrass's Case, 267 Pa. 494; N. Y. & Pa. Co. v. R. R., 267 Pa. 64, 77; Fuel City Mfg. Co. v. Waynesburg P. C., 268 Pa. 441

*E. F. McGovern,* with him *Richard B. Sheridan* and *Andrew Hourigan,* for appellee, cited: Warren Boro. Election, 274 Pa. 352.

OPINION BY MR. JUSTICE WALLING, June 26, 1926:

At the municipal election held in November, 1925, for the Borough of Miners Mills, John J. Lavin, according to the returns, received six hundred and sixty-five votes and Thomas Ayre six hundred and eighty-six. Within the time and in the manner provided by law, appellants, on behalf of Lavin filed a petition in the lower court contesting the election. To all of which, except subdivisions one, two and three of paragraph five, Ayre was directed to and did file answer. Meantime the court refused contestants' petition for leave to amend the three subdivisions above mentioned and also respondent's request for a bill of particulars, and listed the case for trial on petition and answer. Contestants appeared at the time set but declined to offer any evidence and the trial court entered a final decree dismissing the petition at the costs of the contestants, who thereupon brought this appeal.

We find no cause for reversal. The Act of May 19, 1874, P. L. 208, 213, states: "The petition shall concisely set forth the cause of complaint, showing wherein it is claimed the election is undue or illegal, and after

filing shall not be amended unless such amendment shall be allowed by the proper court or judge after notice to the other party and hearing, and, if allowed, reasonable time shall be given to answer." Furthermore, "A complaint of an undue election or a false return must be stated with clearness and precision, and the petitioners held to the exercise of due diligence to ascertain and specify the facts which, if sustained by proof, would require the court to set aside the result of the election. It was well said by Judge ALLISON in Weaver v. Given, 6 Phila. 65, that 'The court will not grope in the dark, or follow a contestant on a fishing expedition, in the hope of being able to find enough to enable him by the investigation to make out his case' ": Warren Borough Election, 274 Pa. 352, 353; see also Cole's Election, 223 Pa. 271. Judged by this requirement we fully agree with the trial court that subdivisions one, two and three of paragraph five of the contestants' petition are so vague and indefinite as not to require an answer. Subdivision one complains, in effect, that the minority inspector in one district was forcibly prevented from the full performance of his duties by the other election officers, abetted by a group of policemen. But it is not there averred that anyone was prevented from voting or that any illegal votes were cast or that Lavin was in any manner prejudiced. What we have just said applies equally to subdivision two where a like interference with one of the overseers in the same district is charged. The third subdivision charges a like interference by which five or more electors were prevented from voting. There is no suggestion that any of them would have voted for Lavin, or that had all done so it would have resulted in his election. None of the matters above complained of would justify rejecting the entire vote of the district. "An election is not to be held void for mere irregularities in the conduct of the election, even though the election officers may be subject to punishment for misconduct; the rights of voters are not to be prejudiced by the errors or wrongful acts

of election officers": West Mahanoy Twp. Contested Election, 258 Pa. 176; see also Fish's Election, 273 Pa. 410; Krickbaum's Contested Election, 221 Pa. 521; Contested Election E. R. Wheelock, 82 Pa. 297; Melvin's Case, 68 Pa. 333. To warrant throwing out the vote of an entire district the disregard of the law must be so fundamental as to render it impossible to separate the lawful from the unlawful votes. See opinion by Judge THAYER in Daly v. Peteroff, 10 Phila. 389.

Again, the order of the court, relieving respondent from answering the three subdivisions was harmless, as subdivisions four to nine, inclusive, of paragraph five, were adjudged sufficient, were answered by respondent and embrace the vital contention, to wit: that more than thirty unregistered citizens, twenty or more minors, twenty or more who were not qualified by payment of taxes, five or more who were not citizens of the district and five or more who were neither native born nor naturalized citizens, voted in the one district; also that more than fifty ballots were fraudulently and illegally voted and counted for Ayre in that district. Proof of the latter allegation alone or even the major part thereof would have resulted in Lavin's election. There was, therefore, a full opportunity given contestants to establish their case unembarrassed by any restrictions in the pleadings: that they offered no evidence was not the fault of the court or of the respondent.

The proposed amendments to the first, second and third subdivisions of paragraph five of contestants' petition were unnecessary to a trial upon the merits and properly rejected. Moreover, the allowance of an amendment in an election contest is a matter for the discretion of the trial court: Election Cases, 65 Pa. 20, 35; Contested Election of Jenkinson, 7 Pa. Dist. Re. 598. We have referred to the only matters suggested in the statement of questions involved and the record discloses nothing else that requires comment.

The decree dismissing contestants' petition is affirmed at their costs.