## Rockdale Township Primary Election

*Kent & Kent,* for contestants.
*F. Joseph Thomas,* for respondents.

KENT, P. J., November 3, 1947.—The record discloses that some 21 residents and registered electors of Rockdale Township, Crawford County, Pa., voted at the primary election held September 9, 1947, in the said election district of Rockdale Township, and at which primary election ballots were cast for the nomination of various county and township officers and separate ballots were cast in a referendum on the question of whether or not beer and liquor licenses should be granted within said Rockdale Township, Crawford County, Pa. There appears to be no objection to the above recited facts.

The said petition also avers "that (par. 4) at said primary election, the election officers in charge failed and neglected, before permitting deposit of ballots in the ballot box, to ascertain by an inspection of the numbers appearing on said ballots whether or not the ballots were the same as those received by the electors before entering the voting compartment; that (par. 5) at said primary election, the election officers in charge

permitted and suffered ballots to be deposited in the ballot box by electors who had not removed the perforated corners containing the numbers of said ballots; that (par. 6) at the said primary election, the election officers in charge, upon opening the ballot box and in counting and tallying the votes cast, removed and permitted their clerks to remove the said perforated corners containing the numbers of said ballots, and counted and tallied said ballots along with the other ballots cast; and that (concluding par.) wherefore, your petitioners aver that said election and referendum was fraudulent and illegal for the reasons set forth above, and pray your honorable court to fix a time for hearing on this petition and to adjudge and decree the said election and referendum illegal, null and void."

Upon presentation of the petition the court entered the following

### Order

"And now, September 23, 1947, upon presentation of the within petition and after due consideration thereof, October 27, 1947, at 9:30 a.m., is hereby fixed as the time for hearing on the foregoing petition, and a rule is hereby granted against all the successful candidates in Rockdale Township and the members of the Election Board of Rockdale Township, Crawford County, Pa., to answer said petition at the time fixed for hearing. Notice of the filing of said petition, together with a copy of said petition, order and rule to be served upon said successful candidates and the members of the Election Board of Rockdale Township at least seven days prior to the time fixed for hearing on said petition. Bond to be filed in the amount of $200, within five days from date hereof."

This provision was complied with in toto.

The petition together with the order and rule granted thereon was duly served, personally, upon respondents. As shown by the "sheriff's return", attached to the pe-

tition and filed of record October 8, 1947. No answer to said petition, order or rule has been filed in the proceeding by any respondent to this date, save the election board, which appeared in person before the court at the hearing and participated therein.

On October 23, 1947, the election board, Dorothy Finney, judge; Maud Hammond, majority inspector, and Katherine Mitchell, minority inspector, by attorney, appeared de bene esse, and moved the court to quash the petition, assigning the following reasons:

"1. Said petition on its face contains no fact or averment setting forth any fraud, irregularity, illegal voting or counting of votes.

"2. Said petition fails to set forth any averment of fraud, irregularity or wrongful act which would change the result of said election and referendum.

"3. Said petition fails to set forth sufficient facts, as required by law, which would, if proved, show said election to have been irregular or fraudulent, or that any irregularity which might have existed would change the results of said election and referendum."

Whereupon the court entered the following

### Order

"And now, October 23, 1947, upon presentation of the foregoing motion, a rule is hereby granted upon petitioners to show cause, if any they have, why the petition filed by them in the above entitled case should not be quashed. Returnable and for argument Monday, October 27, 1947, at 9:30 a.m. All proceedings to stay meanwhile."

We are unable to find of record any service of said rule upon petitioners or their attorneys of record. We will say, however, that petitioners' attorneys did appear and argued the matter before the court at the time fixed in the rule. At the conclusion of the arguments the court announced, that "We will withhold our opinion on the motion to quash and proceed with the taking

of testimony". Whereupon Dorothy Finney, Maud Hammond and Katherine Mitchell, members of election board, by attorney, entered a general appearance for the purpose of cross examining and examining witnesses with the proviso attached, that same "shall be operative only in event that the motion to quash the petition is overruled by the court and this procedure is adopted for the purpose of saving time". The general hearing was then proceeded with, a number of witnesses were called and examined by protestant's counsel and cross examined by the opposing counsel. At the conclusion of the testimony so taken, with the announcement, "Petitioners rest", respondents' attorney placed the following motion upon the record:

"Now, October 27, 1947, at the close of contestants' case comes F. Joseph Thomas, attorney for respondents Dorothy Finney, Maud Hammond and Katherine Mitchell and moves the court to dismiss the petition filed by petitioners, for the reason that the same does not show any fraud or irregularity sufficient to warrant setting aside the election; (2) that the evidence is insufficient under the law to warrant disfranchising the voters of Rockdale Township; (3) for the reason that probata proof does not conform to the allegations of the petition, and with that respondents are offering no further evidence."

Thus we have two motions before us based upon practically the same reasons. We will consider both motions together in this opinion, and record our dispositions thereof in our final order and decree.

This is not a contest where any particular candidates are seeking to establish their individual majority of votes cast at a primary election, but, to the contrary, it is a contest based upon certain alleged fraudulent, irregular and illegal acts of an election board relative to the conduct of the primary election of September 9, 1947, in the election district of Rockdale Township,

Crawford County, Pa., praying that the said election be adjudged null and void. Contested elections of all classes are directed and controlled by statute, in Pennsylvania by the Act of June 3, 1937, known as the Election Code. In the instant proceeding contestants contend the intent of inquiry is whether or not the election was undue or legal. We are of the opinion that the petition meets the requirements of the act, that the acts of fraud and illegality are sufficiently pled, which, if proved, would necessarily vitiate the election generally, but if not so established the contest should be dismissed. Pleadings in election contests should not be governed by such strictness as to protect fraud, yet neither should the acts of sworn officers chosen by the people be attacked without adequate and well-defined cause: Pazdrak's Contested Election, 288 Pa. 585; In re Contested Election of Office of Register of Wills, 43 D. & C. 588. As to the motion and rule entered on appearance de bene esse, we are of the opinion that same should be dismissed and the matters and questions involved disposed of on the evidence introduced at the hearing.

Section 1004 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, provides:

"The number and initial or abbreviation which appears upon the stub shall also be printed in the upper right hand corner of the back of the ballot, separated from the remainder of the ballot by a diagonal perforated line so prepared that the upper right hand corner of the back of the ballot containing the number may be detached from the ballot before it is deposited in the ballot box."

Section 1215 (*d*) of the code provides that:

"Before leaving the voting compartment, the elector shall fold his ballot, without displaying the markings thereon, in the same way it was folded when received by him, and he shall then leave the compartment and

exhibit the ballot to one of the election officers who shall ascertain by an inspection of the number appearing upon the right hand corner of the back of the ballot whether the ballot so exhibited to him is the same ballot which the elector received before entering the voting compartment. If it is the same, the election officer shall direct the elector, without unfolding the ballot, to remove the perforated corner containing the number, and the elector shall immediately deposit the ballot in the ballot box. Any ballot deposited in a ballot box at any primary or election without having the said number torn off shall be void and shall not be counted."

After a careful review of the evidence in this proceeding we can but conclude that several illegal acts were committed by the election board as charged by contestants, which, in our opinion, would render the board members liable to criticism and punishment, as well as possibly rendering the election null and void.

The evidence clearly and definitely supports the following

### Finding of facts

1. That the election board's personnel is Dorothy Finney, judge; Maud Hammond, majority inspector, and Katherine Mitchell, minority inspector, with Mrs. Mary Kelly and Mrs. Florence Ferris acting as clerks.

2. That the election board, as charged, suffered and allowed at least 10 void and illegal ballots to be deposited in the ballot box without first ascertaining by an inspection of the numbers, appearing on said ballots, whether or not the ballots were the same as those received by the electors before entering the voting compartment. In our opinion this constituted an illegal act on the part of the election board.

3. That the election board suffered and allowed at least 10 ballots to be deposited in the ballot box from which the perforated corners, on the back thereof, had not been removed. In our opinion this rendered the

ballots void to the extent that same could not be legally counted in the computation of votes cast.

4. That the election board, upon opening the ballot box, then discovered at least 10 ballots with the perforated number corner attached to the ballot, any greater number being too indefinite and uncertain to be relied upon as a certainty.

5. That the election board either personally removed or instructed and permitted the said perforated number corners to be removed from the said ballots.

6. That at the primary election, held on September 9, 1947, ballots were cast for the nomination of State, county and township officers on one ballot, which has been designated as the "big ballot" and that a separate ballot, designated as the "small ballot" was furnished to the voters for use in relation to the referendum question as to whether or not beer and liquor licenses should be granted in said Rockdale Township, Crawford County, Pa., wherefore two separate ballots were delivered to each elector.

7. That the illegal votes found in the ballot box were divided as follows, to wit, three to the large ballots and seven to the small ballots.

The whole election, including the referendum vote, was tainted so strongly with fraud, irregularity and illegality that we hesitate in not declaring the whole vote null and void. But in this connection we must bear in mind that the court should not be captious in viewing petitions of the character herein involved, yet a complaint of undue election or false return must be considered with precision to ascertain the facts, which, if sustained by proof, would require the court to set aside the election: Warren Borough Election, 274 Pa. 352.

In the instant case it seems clear beyond any peradventure of a doubt, as shown by their own testimony, that the election officers, or some of them, wilfully,

wrongfully, intentionally and illegally violated section 1215 (*d*) of the Election Code of 1937, P. L. 1333, when they did not make the required investigation to determine whether or not the ballot deposited in the box by the voter was the identical ballot received and voted, and further, when they, or some of them, illegally removed the numbers found upon the ballots, after the ballot box was opened, and then counted same in the general tabulation as valid ballots. Such ballots are by the code declared void and not to be counted. It is our opinion that such action, under the law, could not be classed as an irregularity, but rather as a fraudu-. lent and corrupt violation of the law by the participating officers. As we have herein stated at least 10 ballots were so found and dealt with. In this connection we have carefully examined the returns for the said election district and we are convinced that the unlawful votes counted cannot mathematically or otherwise vitally affect or void the election or the referendum vote, even though the election officers may be subject to punishment: Gollmar's Election Case, 316 Pa. 560; West Mahanoy Township's Contested Election, 258 Pa. 176; Fish's Election, 273 Pa. 410; Ayre's Contested Election, 287 Pa. 135. Neither would we be justified or warranted in rejecting the entire vote, thereby disfranchising all citizens who cast their ballots in this particular district. The void ballots from which the election officers removed the numbers could not thereafter be separated from the legal ballots cast by the citizens.

"Negligence or mistake in the performance of duty by election officers will not be allowed to stand in the way so as to defeat the expression of the popular will": Clee's Petition, 119 N. J. L. 310, 196 Atl. 476.

In the case of Fish's Election, supra, Justice Simpson says (p. 417) :

"Moreover, to eliminate an entire poll, though no harm has actually been done, merely because public

---

officials did not perform their duty properly, would result in the very wrong sought to be prevented; for if they are unscrupulous (knowing, as they always do, where votes antagonistic to their desires will be cast), they can wrongfully fit up the election room and booths in every district which they desire shall be thrown out, and thus indefinitely control elections, even for their successors, pledged in advance to repeat the wrong."

In the instant case we must bear in mind that the prayer of petitioners is that we declare void the entire election in the district complained of, it is not prayed that only the illegal votes be purged.

Now, in closing this opinion, we feel it our duty to suggest that, if the violations of law charged against the election officers, as contained in the instant contest petition are established as true, and we are clearly of the opinion that they have been, criminal prosecutions become the duty of the public officers and the citizenry of Crawford County. We will add, however, that it is our firm belief and opinion that we would not be justified to strike down the democratic institution of election by the people and thus disfranchise the honest voters in any district.

Remembering, that it was never the intent of the statute nor the policy of the courts to encourage election contests without just legal cause or reason, that the sanctity of the ballot should be guarded jealously, and where the intent of the electorate has not been changed, the true policy is found in jealously guarding the purity of the ballot and that there is a saving spirit in public tribunals charged with investigation, if the people's suffrages have been tampered with through fraud or error.

### Order

Now, November 3, 1947, contestants' petition to adjudge and decree the primary election of September 9,

1947, and the referendum issue, submitted at the same time, in Rockdale Township, Crawford County, Pa., null and void is hereby dismissed. Costs to be paid by the responding, defaulting election officers of said Rockdale Township, Crawford County, Pa.