## Zerby *versus* Snare.

A petition was filed to contest the election of a borough officer, which averred that many illegal ballots were cast, and counted against the contesting candidate, and if they had not been counted the contestant would have been elected; the petition, however, failed to aver expressly that said illegal votes were cast for the candidate who was declared elected, and also omitted to state the number of such illegal votes or the whole number of votes cast:  *Held*, that the petition was defective and insufficient, and was properly quashed.

June 9th, 1884.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

CERTIORARI to the Court of Quarter Sessions of *Dauphin county :* Of May Term, 1884, No. 49.

A petition of twenty-five qualified voters of the first ward of the borough of Steelton was filed, contesting the election of Harry H. Snare, as high constable of said borough, on the ground that certain of the ballots cast were illegal, in that instead of being printed with the heading " Borough," as directed by law, they were headed " Republican Borough Ticket."

The petition averred that the officers of the general election held for said borough on the third Tuesday of February, 1884, have certified and returned that Harry H. Snare received 246 votes for said office, and Cyrus Zerby received 237 votes ; that said election was undue and illegal ; that many ballots which were illegal, for the reason above stated, were voted and counted against Cyrus Zerby as though they were legal, notwithstanding objection thereto was made to the election officers.   The petitioners averred " that should the illegal votes be taken from the whole number of votes cast in the first ward of said borough, then Cyrus Zerby, and not Harry H. Snare, would receive a majority of all the legal votes in the borough of Steelton, and be entitled to the office of high constable of said borough."   The petitioners therefore prayed for an order, &c., &c.

Harry H. Snare filed a motion to quash the said petition, on the ground, inter alia, that the petition was defective in

failing to aver the number of alleged illegal ballots, or that the same were counted for said Snare, or to aver the total number of all the votes cast.

After argument on the motion to quash, the court, in an opinion by McPherson, J., held that while said ballots headed " Republican Borough Ticket " were irregular and improper, yet the provision in the Act of March 30th, 1866 (P. L. 92), as to the headings of tickets, was directory merely and not mandatory: citing McCrary on Elections, 126, 194, 400 ; Wheelock's Case, 1 Norris 297 ; Boileau's Case, 2 Pars. Eq. Cas. 503 ; Brightly's Elec. Cas. 268 ; and further, that as the petition did not allege that the actual merits of the election were affected by the irregular ballots cast, and the petition was otherwise defective, the court granted said motion, and entered an order quashing the petition.

The petitioners took this certiorari, assigning for error, inter alia, said decree.

*Casper Dull,* for the plaintiffs in the certiorari.—The Act of 1866 is not the only Act pertinent to this question ; the Act of July 2d, 1839 (P. L. 534), is *in pari materia* with the Act of 1866, section 71 of which provides : " All tickets folded and endorsed as aforesaid, and personally delivered by the voter, *and none other,* shall," &c., &c. The Act of 1866 provides that voters are "authorized and *required*" to vote by tickets classified and headed as therein directed. These statutory provisions, we contend, are essential and mandatory ; hence the ballots in this case which the court below termed " irregular and improper " were absolutely illegal and void. If this be so, the averment in the petition that if they had not been counted Zerby would have been elected, was sufficient to give jurisdiction, and the court erred in quashing the petition. The Act of 1874 merely requires that " the petition shall concisely set forth the cause of complaint," &c. : Commonwealth *v.* Woelper, 3 S. & R. 40 ; Melvin's Case, 18 P. F. S. 333 ; Wheelock's Case, 1 Norris 299 ; Election Cases, 15 P. F. S. 31 ; Mann *v.* Cassidy, 1 Brewst. 26, 29 ; In re Contested Election of McDonough, 9 Out. 488.

*McCarrell (Fleming* with him), contra.

The opinion of the court was filed October 6th, 1884.

Per Curiam. This petition was properly quashed. Conceding that the indorsement on some of the tickets was in such form as to make them illegal ballots, yet the petition does not aver that they were cast for the respondent, nor counted as votes in his favor. It does not state the whole

[Commonwealth v. Martin.]

number of votes cast in the ward, nor the number improperly endorsed.

Waiving the question of the legality of the endorsement, we think the insufficiency of the petition justified the decision of the court.

Judgment affirmed.