# Cole's Election.

*Election contest—School directors—Sufficiency of petition for contest—Delay in moving to quash.*

1. Proceedings to contest elections are regulated by statute and should be so construed by the courts as to protect the elective franchise. The petition should aver plainly and distinctly such facts, which if sustained by proof, would require the court to set aside the result. It should, in the language of the Act of May 19, 1874, P. L. 208, "concisely set forth the cause of complaint, showing wherein it is claimed the election is undue or illegal." This is all the statute requires, and the court is not authorized to require more by construction. This will give the respondent sufficient information of the charges of illegality which he is required to meet, and he is entitled to nothing more.

2. The petition for an election contest of school directors set forth the number of votes counted and returned by the election board for respondent and contestant, and the number of votes given for the contestant and not counted were stated, showing that the contestant had eleven votes more than the respondent. This was followed by an averment of the number of legal votes in each one of three election districts which were cast for contestant, and which the election boards in the respective districts refused to count and return for him. The illegal action of the board in refusing to count the votes, was, as alleged in the petition, the result of fraud, deceit or mistake, and this unlawful action it was averred deprived contestant of election to the office of school director to which he was duly elected. *Held*, that the averments of the petition were sufficient under the act, and that it was error to quash it.

3. A petition for an election contest was presented on March 12, and the court fixed a hearing on April 9, and a copy of the petition was served on respondent on March 17. Respondent did not appear on April 9, or file an answer. On May 23, the court appointed an examiner. On June 1, respondent moved to quash the petition without giving any reason for the delay. *Held*, that such a delay in an election contest was not contemplated by the statute and that the court was not justified in quashing the appeal unless ample and controlling reasons therefor were given by the respondent.

Argued Oct. 29, 1908. Appeal, No. 193, Oct. T., 1908, by J. A. Barr et al., from order of Q. S. Allegheny Co., March Term, 1908, No 14, quashing an election contest in case of Election of James A. Cole, for the office of School Director of

McKees Rocks Borough. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Motion to quash election petition. Before COHEN, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in quashing the petition.

*R. S. Martin*, with him *Edward F. Duffy*, for appellants.—
The petition was sufficient : Mann's Case, 2 Phila. 199 ; Election Cases, 65 Pa. 20 ; Bertolet's Case, 13 Pa. C. C. Rep. 353 ; Squier's Election, 24 Pa. C. C. Rep. 619 ; Mann v. Cassidy, 1 Brewster, 11 ; Weaver v. Given, 1 Brewster, 140 ; Fowler v. Felthoff, 1 Legal Record Rep. 105 ; Gressang's Contested Election, 5 Pa. C. C. Rep. 251 ; In re Contested Election of Beamish, 1 Lancaster Law Review, 155.

*H. L. Hegner*, with him *D. J. Buckley*, for appellee.—The petition was not sufficient: Hartzell v. Smith, 18 Pa. C. C. Rep. 551 ; Skerrett's Case, 2 Parsons, 509 ; Keboch's Election, 6 Pa. Dist. Rep. 637 ; Common Council Contest, First Ward, 10 Lancaster, 121 ; Zerby v. Snare, 107 Pa. 183.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1909:

This is a contest over the election of a school director originating in the quarter sessions of Allegheny county.

On March 12, 1908, a petition was presented to the court of quarter sessions averring, inter alia, that at the election held February 18, 1908, two persons were to be elected school directors for the term of three years in the borough of McKees Rocks, and four persons were candidates for the office; that Charles F. Woods having received the highest number of votes was duly elected as one director; that 649 votes were counted and returned for J. A. Coole for the office; that petitioners believe and aver that 660 votes were cast and voted for J. A. Barr for said office, giving him a clear majority of eleven votes over Cole; that the election board counted and returned but 649 votes for Barr, making the returns show that the vote between Barr and Cole was a tie; that in the first elec-

tion district of the borough one legal vote, in the second election district, five if not six votes, and in the third election district five votes were legally cast for Barr which the election boards of the respective districts, either through fraud, deceit or by mistake, refused to count and return for Barr, all of which eleven votes it is averred were legally cast for Barr and should have been counted and returned for him for the office of school director. It is further averred that an examination and proper counting of the ballots in the ballot boxes will show that Barr was legally elected to the office of school director in the borough; and that as shown by the count and return by the board the other or fourth candidate at the election received only 635 votes. The petition was verified by the affidavit of five of the petitioners setting forth, as required by the statute, that according to the best of their knowledge and belief the election mentioned in the petition was undue or illegal and the return thereof not correct, and that the petition to contest the same was made in good faith.

The court adjudged the petition sufficient and directed it to be filed, and fixed April 9, 1908, for the hearing. A bond was given by five of the petitioners, conditioned for the payment of costs, as required by the Act of April 28, 1899, P. L. 118, 2 Purd. (13th ed.) 1390. A rule to answer with a copy of petition was served on Cole on March 17, 1908. On May 23, 1908, an examiner was appointed to take testimony and report it to the court.

On June 1, 1908, Cole presented his petition to the quarter sessions and, for the reasons therein stated, prayed the court to quash the petition and dismiss the proceedings. A rule was granted upon Barr to show cause why the prayer of the petition should not be granted, which was subsequently made absolute. No opinion was filed by the two judges who made the rule absolute. They did not preside in the quarter sessions at the time the petition for the contest was presented and adjudged sufficient. As set forth in the printed brief of the learned counsel of the appellee, "the reasons assigned in the petition to quash are mainly on the ground that the petition of the appellants is not sufficient in law for the reason that it does not concisely

set forth the cause of complaint with that precision of aver-
ment which is indispensable to inform the court of the probable
existence and nature of the grounds for contest as will give it
jurisdiction under the Act of May 19, 1874, P. L. 208; that it is
vague, unprecise and argumentative, associating irregularities
and illegalities; that it affords no sufficient notice to your
petitioner of the specific grounds on which his election is as-
sailable, and is especially wanting in that clearness and suc-
cinctness which ought to characterize such proceedings."

In Election Cases, 65 Pa. 20, Mr. Justice Agnew, delivering
the opinion of this court, said: "The contest of an election is
a remedy given to the people, by petition for redress, when
their suffrages have been thwarted by fraud or mistake. . . .
The object of the law is to give the people a remedy. It is their
appeal from the election board to the court from an undue elec-
tion or a false return. The law is therefore remedial, and to be
construed to advance the remedy. . . . It is not to be supposed
·the legislature, representing the people, intended to subject the
remedy to unreasonable or impossible conditions." Proceed-
ings to contest elections are regulated by statute and should be
so construed by the courts as to protect the elective franchise.
The petition should aver plainly and distinctly such facts which
if sustained by proof would require the court to set aside the
result. In the language of the act of 1874, it should " concisely
set forth the cause of complaint, showing wherein it is claimed
the election is undue or illegal." This is all the statute requires,
and the court is not authorized to require more by construction.
This will give the respondent sufficient information of the
charges of illegality which he is required to meet. He is en-
titled to nothing more. If the statutes on the subject are
intended to give the people a remedy for undue and illegal elec-
tions, as unquestionably they are, then we must construe them
so as to effect the purpose intended. If the courts require any-
thing in a petition beyond substantial averments, clearly dis-
closing wherein the election is undue or illegal, they will defeat
the very purpose of the legislation on the subject.

In the absence of an opinion by the two judges who sat in
the quarter sessions and quashed the proceedings, we are with-

out information as to the reasons for their action. There is nothing in the petition of the respondent which justified the action of the court in quashing the petition and dismissing the proceedings. The petition for the contest concisely sets forth the cause of complaint and with such precision and clearness that there can be no doubt as to wherein the action of the election boards are alleged to be undue and illegal. The number of votes, counted and returned by the election board for Cole and Barr, is given, and the number of votes given for Barr and not counted is stated, showing that Barr had eleven votes more than Cole in the borough. This is followed by an averment of the number of legal votes in each one of the three election districts which were cast for Barr and which the election boards in the respective districts refused to count and return for him. The illegal action of the board in refusing to count the votes was, as alleged in the petition, the result of fraud, deceit or mistake; and this unlawful action, it is averred, deprived Barr of election to the office of school director to which he was duly elected. If these averments are supported by proof we are at a loss to see why the contest should not prevail. They are sufficient to advise the respondent what he is to meet and refute in the contest. The petitioners presumably were not with the election board at the time the ballots were counted and hence they cannot state more specifically whether the action of the boards was caused by fraud, deceit or mistake. Whatever motive impelled the action of the election boards, the consequences in refusing or neglecting to count the eleven legal votes for Barr were the same. It caused an undue and illegal election and defeated the will of the people as expressed at the ballot box.

Without any sufficient explanation for the delay in presenting the motion to quash, the quarter sessions should have denied it. The provisions of the statute providing for contested elections of this character show that it was the intention of the legislature to have such contests speedily disposed of. A school director is elected for the term of three years, and in this case, it will possibly be a year before the right of these parties to the office has been determined. So far as the record discloses, Cole,

the respondent, has furnished no sufficient reason for his delay in moving to quash the proceedings. The petition for the contest was presented on March 12 and adjudged sufficient, and, as required by statute, the court fixed the hearing within thirty days thereafter, April 9, and ordered notice of the petition and a copy thereof to be served upon Cole, which was done on March 17. Cole did not appear on April 9, nor was any answer filed or anything whatever done by him in response to the rule which the court had granted requiring him to appear. On May 23, 1908, more than six weeks after the date fixed for the hearing and for Cole's appearance and he not having appeared, the court appointed an examiner to take testimony and report the same to the court. It was not until some time after these several steps had been taken in the contest, June 1, that Cole presented his motion to quash the proceedings. He gave no reason whatever for the delay in presenting the motion and in ignoring the rule of the court to appear on the day fixed for the hearing when he could have been heard either on his motion to quash or in reply to the allegations of the petition for the contest. Such delay in election contests are not contemplated by the statute and should not be tolerated by the court unless ample and controlling reasons therefor are given by the delinquent.

We are of opinion that the petition in this case is sufficient under the act of 1874, and that it was error in the court below to quash it and dismiss the proceedings.

The order of the court below quashing the petition and dismissing the proceedings is reversed at the costs of the respondent, and the petition is reinstated with a procedendo.