# Pazdrak's Contested Election.

*Election law—Contested election—Petition—Averments of petition—Affidavit—Amendment—Jurisdiction—Discretion of court—Acts of May 19, 1874, P. L. 208—Liberal construction of statute.*

1. The Act of May 19, 1874, P. L. 208, and other statutes relating to election contests, are enabling in character and must be liberally construed, so as to advance the remedy.

2. The petition in an election contest should aver plainly and distinctly such facts, which, if sustained by proof, would require the court to set aside the result as illegal.

3. If such facts are averred it is error to quash the petition.

4. In a proceeding to contest the election of a township auditor in a township consisting of four districts, the petition is sufficient, although not setting out the number of votes in three districts, if it avers that the errors complained of in the other district are sufficient to change the result of the election for auditor in the entire township.

5. As a general rule it is not necessary to plead the evidence in an election contest.

6. The affidavit to an election contest is sufficient if made according to the best of affiant's knowledge and belief.

7. The allowance of an amendment of an election petition is a matter for the lower court's discretion.

8. In so far as an amendment to an election petition goes to the question of jurisdiction, it cannot be filed after the expiration of the thirty days provided by law.

Argued January 25, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 65, Jan. T., 1927, by John Baldwin et al., petitioners, from order of Q. S. Lackawanna Co., Nov. T., 1925, No. 368, quashing petition in election contest, in re Contested Election of Michael Pazdrak.  Reversed.

Petition to amend and motion to quash in election contest.  Before NEWCOMB, P. J.

The controlling averments of the petition for the election contest, so far as relate to this appeal, are as follows:

"1st: That there was one vacancy in the office of auditor to be filled at said election in said township, and that the candidates were as follows: Michael Pazdrak, John Wallace, all of whom were voted for in all four districts of said township, at said election held on November 3, 1925.

"2d: It is averred that the said election was undue and illegal and the returns thereof not correct in the second district of said township as follows:

"(a) A large number of people in said district voted for the said Michael Pazdrak who were not qualified voters in that a large number, 50 in all, had not paid a state and county tax as required by law; a large number, 23 in all, were not naturalized citizens of the United States; a large number, 25 in all, had not lived in the election district a sufficient length of time to qualify as legal voters therein; a large number voted upon forged and fraudulent tax receipts;

"(b) A large number of people, 100 in all, were returned as voting who had not voted, the ballots having been marked for them and in their absence in favor of Michael Pazdrak and deposited in the ballot box;

"(c) A large number of falsified and fraudulent ballots, 100 in all, were deposited in said box;

"Many ballots, 40 in all, upon which no vote for auditor was marked, were counted for said Michael Pazdrak............

"3d: The vote returned and recorded in the Second District of Fell Township at said election for auditor was as follows: Michael Pazdrak, 558, John Wallace, 218. In fact at least 400 persons voted for said John Wallace and not more than 250 voted for said Michael Pazdrak.

"4th: If the election votes had been correctly counted and corrected returns made as above set forth, John Wallace would have been returned as elected to the office of auditor of said Fell Township; and in truth and in fact he would receive a majority of the votes cast by qualified electors in all of the four districts of said township, including the Second District of said Township."

Further facts appear by the opinion of the Supreme Court.

Motion to quash granted and petition to amend refused. John Baldwin et al., petitioners, appealed.

*Errors assigned* were (1) refusal to permit amendment of petition and (2) order quashing appeal, quoting record.

*Joseph P. McKeehan,* with him *Wm. B. Landis, M. J. Kolansky, John J. Owens* and *A. A. Vosburg,* for appellants.—The amendment should have been allowed: Wylie's App., 239 Pa. 510; Boro. Election, 12 Pa. Dist. R. 41; Snodgrass's Case, 267 Pa. 494; Election Cases, 65 Pa. 20; Acker v. Conrad, 2 Pa. Dist. R. 469; Jordan Twp. Elec., 5 Pa. Dist. R. 669; Chester Twp. Elec., 29 Pa. C. C. R. 120.

Even without the amendment, the petition was sufficiently full and explicit; as amended, it was plainly so. The authorities following are cited in support of both propositions: Election Cases, 65 Pa. 20; Williams v. Com., 91 Pa. 493; Bender's Case, 5 Pa. C. C. R. 590; White's Election, 4 Pa. Dist. R. 363; Beamish's Contest, 1 Lanc. L. Rev. 155; Moock v. Conrad, 155 Pa.

586; Marshall v. Baldwin, 11 Phila. 383; Cole's Election, 223 Pa. 271.

*Wallace G. Moser,* with him *J. E. Brennan,* for appellees.—The allowance of an amendment in an election contest is a matter for the discretion of the trial court: Ayres Contested Election, 287 Pa. 135, 138; Election Cases, 65 Pa. 20, 35; Jenkinson Case, 7 Pa. Dist. R. 598.

The amendment was properly excluded: Election Cases, 65 Pa. 20; Zerby v. Snare, 107 Pa. 183; Kneass's Case, 2 Parsons 559.

An essential jurisdictional averment, the very groundwork on which the contest must be builded, is the averment of facts which show how the result of the election would have been changed if all of the averments in the petition are taken to be true: District Attorney's Case, 2 Phila. 199; Weaver v. Gisen, 6 Pa. Phila. 65; Jenkinson's Case, 7 Pa. Dist. R. 598; Kerboch Election, 6 Pa. Dist. R. 637; Boileau's Case, 2 Parsons 507; Ewing v. Filley, 43 Pa. 384.

OPINION BY MR. JUSTICE WALLING, March 14, 1927:

At the November, 1925, election, one auditor was to be chosen for Fell Township, Lackawanna County, for which there were two candidates, viz., Michael Pazdrak and John Wallace. There were four election districts in the township and, on the face of the returns, Pazdrak won. Within the time prescribed by law, however, an election contest petition signed by some fifty-seven persons, purporting to be resident electors of the second district of the township, who voted at that election, was presented and filed in the proper court. After the refusal of a motion to quash the petition, a bill of particulars and an answer were filed and an examiner and stenographer appointed to take testimony. Thereafter, by agreement of counsel, the motion to quash the petition was renewed and, after argument, granted. From the latter order petitioners have appealed.

In our opinion it was error to quash the petition. The contest was brought under the General Election Act of May 19, 1874, P. L. 208, section 18 of which (p. 213) provides, inter alia, that, "The petition shall concisely set forth the cause of complaint, showing wherein it is claimed the election is undue or illegal." This and other statutes relating to election contests are enabling in character and must be liberally construed, so as to advance the remedy: Election Cases, 65 Pa. 20. Mr. Justice AGNEW, speaking for the court, there says (p. 36): "It would be an intolerable technicality if the petitioners were required to set forth in their complaint, within ten days, [now thirty] after the election, every illegal vote, every illegal act of the election boards, and every instance of fraud. Such a nicety would prevent investigation and defeat the remedy itself. The general rule in all pleadings is that certainty to a common intent is all that is required: Heard's Stephen's Pl. 380. The early decisions in this city were too stringent. A much truer exposition of the law, and one to be adhered to, is found in the opinion of the late Judge THOMPSON, in Mann v. Cassidy, 1 Brewst. 11, 27. As remarked by him: 'The rule must not be held so strictly as to afford protection to fraud by which the will of the people is set at naught, nor so loosely as to permit the acts of sworn officers, chosen by the people, to be inquired into without adequate and well defined cause.' " To like import is the language of Mr. Justice MESTREZAT, speaking for the court, in Cole's Election, 223 Pa. 271, 274, that, "The petition should aver plainly and distinctly such facts which if sustained by proof would require the court to set aside the result. In the language of the Act of 1874, it should 'concisely set forth the cause of complaint, showing wherein it is claimed the election is undue or illegal.' This is all the statute requires, and the court is not authorized to require more by construction. This will give the respondent sufficient information of the charges of illegality which he is

required to meet. He is entitled to nothing more. If
the statutes on the subject are intended to give the peo-
ple a remedy for undue and illegal elections, as unques-
tionably they are, then we must construe them so as to
effect the purpose intended. If the courts require any-
thing in a petition beyond substantial averments, clearly
disclosing wherein the election is undue or illegal, they
will defeat the very purpose of the legislation on the
subject." Quoting further from the opinion of Judge
THOMPSON, in Mann v. Cassidy, supra, pp. 29, 30: "Let
it be known that an election fraud must not only be dis-
covered, but that every individual engaged in it must
be ascertained and named before a step can be taken to
establish it, and the chance for a fair election will be
more and more remote. We cannot thus throw a shield
around fraud. Believing that this petition contains
those statements of facts which the law directs this
court to investigate, and which every decided case as-
serts to be the matter proper for investigation, our duty
is to proceed with it."

We agree with the trial court that it must appear in
the petition that the errors complained of would change
the result of the election, but do not agree that the
petition in the instant case is fatally defective in that
respect. By section 4 of the petition, as quoted in the
Reporter's notes, when considered with other averments
of the petition, it sufficiently appears that the errors
complained of, if established, would change the result
of the election for auditor in the township; hence, the
question cannot be treated as academic. True, the peti-
tion does not set out the number of votes cast in the
other three districts, but it does aver that the errors
complained of in the second district are sufficient to
change the result of the election for auditor in the entire
township, which under a fair construction of the statute
we deem sufficient. In the language of Judge HAND,
In re Contested Election of Beamish, 1 Lanc. Law
Review 155: "We do not construe this language [the

above quoted clause of the Act of 1874] to mean that the grounds of complaint shall be set forth with every particularity; on the contrary, conciseness is inconsistent with that. To be concise is to be brief, not particular in this sense. Enough must be briefly set out to warrant an investigation, to give the opposing party a reasonable notice of the character of the investigation, and that if successful the result will be changed." The petition in the instant case raises no question as to the regularity of the election in the three other districts and the vote there cast appears in the returns on record and is a matter of formal proof at the trial. As a general rule, it is not necessary to plead the evidence. The real contest being as to the second district, the others are but incidentally involved. Were this a county contest we are not persuaded that the petition must set out in detail the vote polled by the respective candidates in each separate election district, where but a limited number thereof are directly involved in the contest. To do so would be more than the concise statement required by the statute.

Zerby v. Snare, 107 Pa. 183, relied on by appellee, is not parallel. There the petition failed to aver that the alleged illegal ballots were cast for the respondent and was otherwise defective. The trial court placed reliance upon Carpenter's Case, 2 Parsons Select Equity Cases 537. That case might perhaps be distinguished from the present; in any event, it was decided over seventy-five years ago, under other statutes, and we believe was one of the cases to which Justice AGNEW refers, as above quoted, where he says the early cases in this city held the rule too strictly.

The petition is verified by the affidavits of the requisite number of petitioners, drawn in the language of the statute. (See section 18 of the Act of May 19, 1874, supra.) The required affidavit is sufficient if made according to the best of affiants' knowledge and belief: Moock v. Conrad, 155 Pa. 586.

We have no criticism of the action of the trial court in refusing the proffered amendment. So far as it went to the question of jurisdiction it could not be filed after the expiration of the thirty days (In re Contested Election of Welti (Pa.), 3 W. N. C. 165; Williams v. Johnson (Pa.), 16 W. N. C. 223), and otherwise it was a matter for the lower court's discretion: Ayer's Contested Election, 287 Pa. 136.

We have no disposition to relax the rules as to election contests, but deem the instant petition sufficient, under the authorities, although not a model of accurate pleading.

The order appealed from is reversed and the petition is reinstated with a procedendo; costs of this appeal to abide the event of the contest.