## Eckert's Election.

Argued May 26, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Herbert B. Cohen,* with him *Walter B. Hays,* for appellant.—The petition is sufficient: Pazdrak's Election, 288 Pa. 585; Gegg's Election, 281 Pa. 155; Cramer's Election, 248 Pa. 208.

The reception of votes after 7 p. m. requires rejection of the poll: Ward's Contested Election, 3 Clark 11; DeRosa's Election, 79 Pitts. L. J. 541; Swick's Nomination, 1 D. & C. 417; Ayre's Election, 287 Pa. 135; Bright's Contested Election, 292 Pa. 389; Renshaw v. Conahan, 17 Pa. Dist. 705.

*Robert S. Spangler,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1932:

On November 30, 1931, the proper number of qualified electors of the twelfth ward of the City of York who voted at the preceding municipal election, presented their petition to the Court of Quarter Sessions of York County, averring that, at the election in question, the candidates for the office of assessor of that ward were

George T. Eckert and Charles W. Dietz; that, by the returns from the six precincts of the ward as computed by the court of common pleas, Eckert received 1,689 votes and Dietz 1,630 votes for the office named, showing a majority of 59 votes in favor of Eckert; that, in the second precinct of the ward, 688 votes were returned as having been cast for Eckert and 201 votes for Dietz; that the election of Eckert was undue and illegal because of the wrongful and irregular conduct of the election in the second precinct and the incorrect computation and return of the votes cast; and further prayed that the entire vote of the precinct be rejected, and Charles W. Dietz declared duly elected.

The petition contains a number of averments intended to support petitioners' allegations, among them: (a) "Upwards" of forty ballots were marked with a cross after the name of Eckert and another cross after the name of Dietz, the cross at the end of the latter's name having been either defaced or erased. These ballots were counted for Eckert. (b) Four ballots improperly marked, and without the cross attached after the name of Eckert were counted for him. (c) The election board permitted "upwards" of fifty-eight voters to receive and cast ballots after the legal time for closing the polls. In addition to these averments are a number of others which refer merely to what petitioners term "irregular action" upon the part of the election officers.

The contest petition was followed on the part of respondent by a motion to quash which states among other averments: "the petition is vague and indefinite, alleging surmises and innuendos, and alleges no fraud on the part of the election board or any other person in connection with the counting and computation of the ballots of said precinct, nor that the election was not fair and an honest return made, nor that there was any interference with the full and fair expression of the voter's choice...... That, were all of the said allegations proven as set forth in the petition, they would not jus-

tify the rejection of the entire vote of the said precinct, as prayed for in the petition." The court sustained the motion to quash; hence this appeal.

As to the indefinite allegation that "upwards" of forty ballots had been marked with a cross after the name of Eckert and another cross following the name of Dietz, which latter cross had been erased, assuming, only for the purpose of this case, that ballots to the number named were so marked and voted, we will consider them invalid and consequently they should not be counted for Eckert but should be rejected. This result would reduce Eckert's majority to nineteen. As to the four improperly marked ballots also counted for Eckert, each having the cross omitted, they were not legal ballots in accordance with the requirement of the act of assembly and should also be rejected, reducing Eckert's majority to fifteen.

As to the action of the election board in receiving the votes of fifty-eight qualified electors after seven o'clock, we are of opinion that under the circumstances disclosed by the record, and especially since no fraud is shown, these votes were properly received. These fifty-eight electors were within the polling place at seven o'clock, were qualified to vote, and were awaiting opportunity to do so. Under these circumstances the decision to receive the votes was not such an open disregard of legal requirements as to justify the court in rejecting the vote of the entire precinct. "For mere irregularities in conducting an election, it [the election return] is not to be held void, even though the election officers may be subject to punishment for misconduct:" West Mahanoy Township's Contested Election, 258 Pa. 176, 179. Petitioners' contention that the entire vote of the precinct should be thrown out because of the reception of these votes cannot be sustained. Furthermore, there is no allegation in the petition showing for whom these ballots were cast, nor is it possible from the record to determine which candidate received any part of these

votes. The burden was upon petitioners to aver expressly that the fifty-eight votes were illegal, or that a sufficient number of them were cast for Eckert to change the result of the election; this the record fails to disclose and neither fact can be presumed: Zerby v. Snare, 107 Pa. 183.

The facts averred in other paragraphs of the petition relate to mere irregularities in the conduct of the election, not affecting the result. As stated above, where no fraud is shown, mere irregularities in conducting an election, not affecting the result, will not require rejection of the entire vote of the election district: Elwood City Borough Contested Election, 286 Pa. 257; Fish's Election, 273 Pa. 410 and cases there cited. If all averments set forth in the petition should be proved they would not be sufficient to justify rejection of the entire vote of the second precinct of the ward, and, as indicated above, by. deducting the forty-four votes claimed by petitioners as illegal and assuming them to be so, solely for the purpose of disposing of this appeal, George T. Eckert still has a majority of fifteen votes over Charles W. Dietz and is entitled to the certificate of election.

The decree of the court below is affirmed at the costs of appellants.