516 A.2d 1297

In Re: Nomination Petition of Eva S. Lefkowitz, as candidate for the Democratic Nomination for Representative in the General Assembly from the 182nd Representative District. Objection of Babette Josephs.

Heard March 22, 1982 and March 26, 1982, by Judge ROGERS.

*Norman S. Berson, Berson, Fineman & Bernstein,* for petitioner.

*Eileen P. Epley,* for respondent.

OPINION BY JUDGE ROGERS, March 30, 1982:

Babette Josephs, a candidate for the nomination at the May, 1982 primary of the Democratic Party for the House of Representatives in the General Assembly from the 182nd Legislative District has filed objections

to the nomination petitions of Eva S. Lefkowitz as a candidate for the same office.

Ms. Lefkowitz's petitions contained 288 signatures, 100 valid signatures being required for a qualifying petition.

We conducted hearings on Monday, March 22, 1982 and on Friday, March 26, 1982, commencing at 9:30 o'clock a.m.

Two of Ms. Lefkowitz's petitions were circulated by one Francis X. McCool who on the circulator's affidavit gave his address as 225 South 18th Street, Philadelphia, Pennsylvania. His affidavit declared that he was a qualified elector, duly registered and enrolled as a member of the same political party and of the same political district as Babette Josephs. The proofs at our hearing showed however, that Mr. McCool was not a registered elector of the 182nd Legislative District on the date he took the elector's affidavit, March 7, 1982, or when he circulated Ms. Lefkowitz's petition, March 7, 1982. He was not registered in the 182nd Legislative District until March 11, 1982. Incidentally, the date of signing recorded after some of the names on the petitions is recorded as March 8, 1982, the day following the date on the first of his circulator's affidavits. We were impelled to hold that the McCool petitions were circulated by an unqualified person and to reject as invalid the 100 signatures there appearing, leaving a balance of signers on Ms. Lefkowitz's petitions in the number of 188.

We embarked on a hearing concerning the objections to other purported signers of Ms. Lefkowitz's petitions and are satisfied based on the evidence that exactly 88 of the remaining 188 signatures were successfully challenged. These 88 are the names appearing on the following pages and lines of Lefkowitz's petitions:

(1)  Signatures of persons not residing in the 182nd Legislative District, 35, as follows:

| Page | Line | Page | Line |
|------|------|------|------|
| 3 | 2 | 7 | 5 |
| 3 | 12 | 7 | 6 |
| 3 | 14 | 7 | 7 |
| 3 | 16 | 7 | 8 |
| 4 | 1 | 7 | 17 |
| 4 | 2 | 7 | 18 |
| 4 | 6 | 7 | 19 |
| 4 | 7 | 7 | 20 |
| 4 | 8 | 7 | 24 |
| 4 | 9 | 7 | 25 |
| 4 | 11 | 7 | 27 |
| 4 | 17 | 7 | 28 |
| 4 | 20 | 8 | 1 |
| 4 | 22 | 8 | 17 |
| 4 | 23 | 8 | 29 |
| 4 | 26 | 8 | 37 |
| 4 | 28 | 8 | 40 |
| 7 | 3 | | |

(2)  Signatures of persons not registered and enrolled as electors, 30, as follows:

| Page | Line | Page | Line |
|------|------|------|------|
| 1 | 1 | 7 | 10 |
| 1 | 3 | 7 | 12 |
| 1 | 7 | 7 | 13 |
| 3 | 4 | 7 | 14 |
| 3 | 6 | 7 | 16 |
| 3 | 18 | 7 | 30 |
| 4 | 4 | 7 | 31 |
| 4 | 5 | 7 | 32 |
| 4 | 10 | 7 | 35 |
| 4 | 12 | 8 | 33 |
| 4 | 16 | 8 | 43 |
| 4 | 18 | 8 | 46 |
| 4 | 19 | 8 | 49 |
| 4 | 24 | 9 | 4 |
| 5 | 4 | | |
| 7 | 1 | | |

(3)  Signatures of persons registered as Republicans or non-partisan, 9, as follows:

| Page | Line | Page | Line |
|------|------|------|------|
| 3 | 3 | 7 | 39 |
| 3 | 13 | 7 | 44 |
| 3 | 15 | 8 | 6 |
| 4 | 13 | 8 | 7 |
| 7 | 38 | | |

(4)  Persons who previously signed the Babette Josephs petitions, 3, as follows:

| Page | Line |
|------|------|
| 8 | 4 |
| 8 | 22 |
| 8 | 30 |

(5)  Persons whose purported signatures were not made by the elector, as established by the testimony of a handwriting expert, 4, as follows:

| Page | Line |
|------|------|
| 1 | 5 |
| 1 | 15 |
| 1 | 17 |
| 7 | 43 |

(6)  Signatures which were illegible or incapable of identity, 2, as follows:

| Page | Line |
|------|------|
| 4 | 25 |
| 7 | 15 |

(7)  One person whose name appears at Page 8, Line 44 and Page 10, Line 2, signed the Lefkowitz petitions twice, resulting in one being not counted.

(8)  Four electors whose names appeared and testified that they had not signed the petitions although their names appeared at the following line:

| Page | Line |
|------|------|
| 7 | 47 |
| 1 | 9 |
| 1 | 18 |
| 7 | 50 |

On Friday, March 26, 1982, the issue of the sufficiency of the numbers of valid signatures then being obviously close, counsel for Babette Josephs moved to amend her objections by the addition of objections to about 18 names of signers of the Lefkowitz petitions not earlier, or unsuccessfully objected to, which names it was asserted were either of persons not resident in the political district, not registered, registered otherwise than Democratic or for other reasons not necessary to describe. Counsel for Lefkowitz objected to the amendment as untimely and prejudicial. We reserved ruling and over objection heard evidence as to some of the new names.

We now rule that the motion to amend should have been and now is overruled.

Section 977 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. section 2937, provides that "nomination petitions . . . filed within the periods limited by this act shall be deemed to be valid, *unless within seven days* after the last date for filing said nomination petition . . . a petition is presented to the court *specifically setting forth* the objections thereto, . . . ." (Emphasis supplied.)

General objections will not do; and Josephs' original petition did indeed make specific objections. In extended hearings, evidence on those specific objections was received, which, in the event, proved unavailing.

We were told at the time of the hearing that the motion for amendment of the objections to add 18 names made Friday, March 26, 1982 was served on counsel for Lefkowitz on Thursday, March 25, 1982 at about the noon hour.

The allowance of an amendment to a petition of objections is a matter for the discretion of the hearing judge. *Beynon Appeal,* 370 Pa. 538, 888 A.2d 789 (1952); *Pazdrak's Contested Election,* 288 Pa. 585, 137

A. 109 (1927). An important consideration in exercising this discretion is that of the effect of the late filed amendment on the candidate whose nomination petitions have been attacked. In *In Re Beynon, supra,* the Supreme Court approved the allowance of an amendment to objections generally alleged so that more detailed proof of matters tending to show invalidity might be proven. The court said that the candidate whose nomination petitions were challenged had been sufficiently advised of the errors by the original petition. To similar effect is *In Re Moore,* 89 Dauph. 32 (1966) where the candidate whose nominating petition was the subject of amended objections had filed a cross suit raising the inquiry which was the subject of amended objections. In *Smith v. Werle,* 89 Dauph. 54 (1978) an objector to one of several circulators' affidavits was permitted to amend his objections so as to object to other circulators' affidavits on the ground that the candidate should have known that all of his circulators' affidavits might be challenged.

There was not here a general objection to which the 18 names objected to on March 26, 1982 might somehow be related. It is worth noting that with respect to at least five signers attacked by the original objections, Ms. Lefkowitz was, in the interval between the first day of hearing, March 22, 1982 and the second day, March 26, 1982, able by a search of the records at the Board of Elections to rehabilitate the names of five of her signers whose cards had been filed in the wrong binders. No such opportunity would exist in the case of names included in the amendment made on March 26, 1982.

Finally, we are persuaded by the case of *Katz Nomination Papers,* 65 D. & C. 13 (C.P. Dauphin 1948) where Judge WOODSIDE, distinguishing between objections raising factual issues, which he said should not be

permitted by amendment, and those raising legal challenges, which might be the subject of amendment, gave as an example of a factual challenge "the failure of petitioners to specify the names to which they intended to object." Judge WOODSIDE said that factual challenges should not be permitted to be raised by amendment because "the Respondent must be advised of what he must meet at the hearing."

We think after a day and a half of hearing at which a painstaking exploration of upwards of 200 of the 288 names signed to Ms. Lefkowitz's petitions was undertaken, that it would be unjust to permit the amendment proffered at the end of our hearing. Such action, also, it seems makes a mockery of the statute requiring objections to be specifically set forth within seven days from the last day for filing nomination petitions.

### ORDER

AND NOW, this 30th day of March, 1982, the objections of Babette Josephs to the nomination petition of Eva S. Lefkowitz are hereby dismissed and the Secretary of the Commonwealth is directed to certify the name of Eva S. Lefkowitz for inclusion on the ballot of the Democratic Party at the May Primary Election 1982 for the office of Representative in the General Assembly, 182nd Legislative District of Philadelphia County.